FILED
United States Court of Appeals
Tenth Circuit

January 10, 2018

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

UNITED STATES OF AMERICA,

     Plaintiff - Appellee,

v.

RICARDO ESTEVAN SUAZO,

     Defendant - Appellant.

No. 17-1251
(D.C. No. 1:16-CR-00330-PAB-1)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **HARTZ**, and **MORITZ**, Circuit Judges.
_____

After entering into a plea agreement that included a broad waiver of his

appellate rights, defendant Ricardo Estevan Suazo pled guilty to conspiracy to use

interstate commerce facilities in the commission of murder-for-hire in violation of

18 U.S.C. § 1958(a).  The district court accepted his plea and sentenced him to

108 months (nine years) in prison, which was less than the 10-year maximum.

Despite the appeal waiver, defendant has appealed the district court's

judgment.  The government has moved to enforce the waiver under *United States v.*

*Hahn*, 359 F.3d 1315 (10th Cir. 2004) (en banc) (per curiam).  Discerning no

meritorious issues for appeal, defendant's attorney filed an *Anders* brief and a motion

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

for leave to withdraw.  *See Anders v. California*, 386 U.S. 738, 744 (1967) (defense counsel may "request permission to withdraw" when counsel conscientiously examines a case and determines that an appeal would be "wholly frivolous").  As required by *Anders*, defense counsel advised defendant of his position.  In addition, the Clerk of Court notified defendant of his attorney's position and gave him 30 days to respond or request more time.  Defendant has neither responded nor requested more time to respond.

After independently and thoroughly examining the record per *Anders*, *see id.*, we agree with the government and defense counsel that defendant's appeal waiver was valid.  *Hahn* instructs us to enforce appeal waivers as long as three conditions are met:  (1) the matter on appeal falls within the scope of the waiver; (2) the defendant knowingly and voluntarily waived his appellate rights; and (3) enforcing the waiver will not result in a miscarriage of justice.  *Hahn*, 359 F.3d at 1325.  All three factors support enforcing the waiver here.

First, the matter on appeal falls within the scope of the waiver, which provides:

> D.  Waiver of Appeal
> The defendant is aware that 18 U.S.C. § 3742 affords the right to appeal the sentence, including the manner in which that sentence is determined.  Understanding this, and in exchange for the concessions made by the government in this agreement, the defendant knowingly and voluntarily waives the right to appeal any matter in connection with this prosecution, conviction, or sentence unless it meets one of the following criteria: (1) the sentence exceeds the maximum penalty provided in the statute of conviction; (2) the sentence exceeds 9 years; or (3) the government appeals the sentence imposed.  If any of these

2

three criteria apply, the defendant may appeal on any ground that is
properly available in an appeal that follows a guilty plea.

Mot. to Enforce, Att. 1 at 2-3. Second, the motion to enforce cites numerous excerpts from the plea agreement and the change of plea hearing that establish defendant knowingly and voluntarily waived his right to appeal. Finally, we see nothing to suggest that enforcement of the appeal waiver would cause a miscarriage of justice.

Exercising our jurisdiction under 28 U.S.C. § 1291, we grant defense counsel's motion to withdraw and decline to appoint new counsel. We grant the government's motion to enforce the appeal waiver, and dismiss the appeal.

Entered for the Court
Per Curiam